UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                Plaintiff,

-against-

CITY OF NEW YORK (HRA); N.Y.P.D.; NYC MTA; NYPD; BRONX SUPREME COURT; UNITED STATES S.D. COURT,

                Defendants.

19-CV-9001 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff alleges that she has been seeking relief from the Court for three weeks but has not been granted any relief. She would like to "bring in higher authorities from Albany and Washington, D.C." By order dated September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Yvonne Frost has filed more than ten actions *in forma pauperis* within the past two weeks, and the Court has warned Plaintiff that further vexatious or frivolous litigation in this Court will result in an order under 28 U.S.C. § 1651 barring her from filing new actions *in forma pauperis* unless she receives prior permission. *See Frost v. City of New York (HRA)*, ECF 1:19-CV-8826, 3 (S.D.N.Y.).

> Plaintiff makes the following allegations in her complaint.
>
> It is time the house, keys and my children 'game' come to an end. Last night a woman presented me a "Chinese" girl infant she wanted to pass off to be as one of my child. The defendants are working me to the point of almost insanity. There are too many of them working a shift system to do this. The little girl's eye was batter/bruised.
>
> Last night one of them came into the train station. I stood at the turn-style. He said there was only fifteen (15) minutes left. I knew it was a threat about the children. They are holding them hostage for money. . . .
>
> This process has drained me, exhausted me and left me almost like a nervous wreck. In my reliefs, I have asked the court for my two children. I have not seen them since birth. I consider this an extreme emergency situation.
>
> . . .
>
> Experimented on. Eye sight and hearing diminishing. Memory failures . . .

2

(Compl. at 7.) Plaintiff asks the Court "to restore and unite [Plaintiff with her] children" and "restore all [her] money [that] the defendants have swindled." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed nearly a dozen cases *in forma pauperis* (IFP) in the past two weeks.[1] The Court has already dismissed as frivolous other cases that Plaintiff has filed, *Frost v. City of New York*, ECF 1:19-CV-8826, 2 (CM) (dismissed under 28 U.S.C. § 1915(e)(2)(B)(i)), in addition to this case.

In light of Plaintiff's abuse of the privilege of proceeding IFP, Plaintiff is ordered to show cause why she should not be barred as of the date of this order from filing any further actions in

---

[1] *See, e.g., Frost v. NYPD*, ECF 1:19-CV-8595, 2 (S.D.N.Y. filed Sept. 16, 2019); *Frost v. City of New York*, ECF. 1: 19-CV-8634, 2 (S.D.N.Y. filed Sept. 17, 2019); *Frost v. NYPD*, ECF 1:19-CV-8705, 2 (S.D.N.Y. filed Sept. 18, 2019); *Frost v. NYC MTA*, ECF 1:19-CV-8746, 2 (S.D.N.Y. Sept. 19, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8794, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8795, 2 (S.D.N.Y. Sept. 20, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8881, 2 (S.D.N.Y. Sept. 24, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8909, 2 (S.D.N.Y. Sept. 25, 2019); *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 2 (S.D.N.Y. Sept. 26, 2019).

this Court IFP without first obtaining permission from this Court to file her complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon her. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, she will be barred from filing any further actions IFP in this Court unless she first obtains permission from this Court to do so. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action *in forma pauperis* in this Court without prior permission. The Clerk of Court is directed to attach a declaration form to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 7, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge